JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET


ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
LAURA WERTH, et al

## DEFENDANTS
HELLER, EHRMAN, WHITE, & McAULIFFE LLP et al

**(b)** County of Residence of First Listed Plaintiff   Solano County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     San Francisco County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew C. Helland, Nichols Kaster, LLP, One Embarcadero Center, Suite 720, San Francisco, CA 94111, T: 415-277-7235, F: 415-277-7238

Attorneys (If Known)

08    4799 B2

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | | [ ] 892 Economic Stabilization Act |
| | | | [X] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 791 Empl. Ret. Inc. | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | or Defendant) | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 2101 et seq.
Brief description of cause:
WARN Act Violation

## VII. REQUESTED IN COMPLAINT:
- [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
October 20, 2008

SIGNATURE OF ATTORNEY OF RECORD

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                                       Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

NICHOLS KASTER, LLP
Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

NICHOLS KASTER, PLLP
James H. Kaster, CA State Bar No. 248949
kaster@nka.com
Paul J. Lukas, MN State Bar No. 22084X
lukas@nka.com
(*pro hac vice* application forthcoming)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

Attorneys for Individual and Representative Plaintiffs

**BZ**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**C 08** **4799**

| | |
|---|---|
| LAURA WERTH, CARL GOODMAN, and ANNA SCARPA, individually, on behalf of all others similarly situated, and on behalf of the general public<br><br>Plaintiffs,<br><br>vs.<br><br>HELLER, EHRMAN, WHITE, & McAULIFFE LLP; HELLER, EHRMAN, WHITE & McAULIFFE A PROFESSIONAL CORPORATION; HELLER, EHRMAN, WHITE & McAULIFFE (WASHINGTON), P.S.; HELLER, EHRMAN, WHITE & McAULIFFE, A PROFESSIONAL CORPORATION; HELLER, EHRMAN, WHITE & McAULIFFE (OREGON), P.C.; HELLER, EHRMAN, WHITE & McAULIFFE (ALASKA), P.C.; HELLER EHRMAN (CHINA), P.C.; and DOES 1-50,<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**(1) Violation of the WARN Act (29 U.S.C. § 2101 et seq.)**<br><br>**(2) Violation of the California WARN Act (Cal. Labor Code § 1400 et seq.)**<br><br>**(3) Failure To Pay Vacation (Cal. Labor § 227.3)**<br><br>**(4) Waiting Time Penalties (California Labor Code Sections 201-203)**<br><br>**(5) Breach Of Contract As To The Washington Vacation Class**<br><br>**(6) Promissory Estoppel As To The Washington Vacation Class**<br><br>**(7) Breach Of Contract As To The New York Vacation Class**<br><br>**(8) Promissory Estoppel As To The New York Vacation Class**<br><br>**(9) Unfair Business Practices (Cal. Bus. Prof Code § 17200, *et. seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

1

2
## PRELIMINARY STATEMENT

3    1.    This case arises out of the dissolution of Heller Ehrman White & McAuliffe, a
4 nationwide law firm which began doing business in San Francisco in 1890. Plaintiffs and
5 proposed class members are employees who seek wages that Defendants have refused to pay
6 following the abrupt termination of their employment.

7    2.    Through this action, Plaintiffs and other similarly situated employees of
8 Defendants seek recovery of damages in the amount of 60 days' pay and ERISA benefits by
9 reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and
10 Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") and the California
11 WARN Act, Cal. Labor Code § 1400 et seq. (the "California WARN Act"). Plaintiffs were
12 employees of Defendants and were terminated as part of, or as a result of, mass layoffs and/or
13 plant closings ordered by the Defendants. Defendants violated federal law and state law by
14 failing to give Plaintiffs and other similarly situated employees of the Defendants 60 days notice
15 as required by State and Federal Law.

16    3.    Plaintiffs and other similarly situated employees also seek recovery of unpaid
17 wages, including vacation time, and waiting time penalties in the State of California, as a result of
18 Defendants' failure to pay employees all wages, including vacation time, due and owing at the
19 time of their terminations.

20
## THE PARTIES

21    4.    Individual and Representative Plaintiff Laura Werth is an individual residing in
22 Vallejo, California (Solano County). She was employed by Defendants from September 1996 to
23 October 10, 2008 as a Technology Assistant in Defendants' San Francisco office.

24    5.    Individual and Representative Plaintiff Carl Goodman is an individual residing in
25 Seattle, Washington. He was employed by Defendants from September 2005 to October 10, 2008
26 as a Senior Manager of Business Development in Defendants' Seattle, Washington office.

27    6.    Individual and Representative Plaintiff Anna Scarpa is an individual residing in
28 Franklin Square, New York. She was employed by Defendants from approximately October 16,

2

1  2006 to approximately October 17, 2008 as a Manager of Professional Services in Defendants'
2  New York office.

3      7.      Defendant Heller, Ehrman, White & McAuliffe LLP (the "Heller Ehrman
4  Partnership") is a limited liability partnership organized under the laws of the State of California.
5  The partnership maintains offices and conducts business in the State of California, including in
6  San Francisco.

7      8.      Defendant Heller, Ehrman, White & McAuliffe, A Professional Corporation
8  ("Heller Ehrman California") is a domestic corporation organized under the laws of the State of
9  California. Heller Ehrman California is a parent company of the Heller Ehrman Partnership, and
10  maintains offices and conducts business in the State of California, including in San Francisco.

11      9.      Defendant Heller, Ehrman, White & McAuliffe (Washington), P.S. ("Heller
12  Ehrman Washington") is a foreign corporation organized under the laws of the State of
13  Washington. Heller Ehrman Washington is a parent company of the Heller Ehrman Partnership.

14      10.     Defendant Heller, Ehrman, White & McAuliffe, A Professional Corporation
15  ("Heller Ehrman New York") is a foreign corporation organized under the laws of the State of
16  New York. Heller Ehrman New York is a parent company of the Heller Ehrman Partnership.

17      11.     Defendant Heller, Ehrman, White & McAuliffe (Oregon), P.C. ("Heller Ehrman
18  Oregon") is a foreign corporation organized under the laws of the State of Oregon. Heller
19  Ehrman Oregon is a parent company of the Heller Ehrman Partnership.

20      12.     Defendant Heller, Ehrman, White & McAuliffe (Alaska), P.C. (Heller Ehrman
21  Alaska") is a foreign corporation organized under the laws of the State of Alaska. Heller Ehrman
22  Alaska is a parent company of the Heller Ehrman Partnership.

23      13.     Defendant Heller, Ehrman (China), P.C. ("Heller Ehrman D.C.") is a foreign
24  corporation organized under the laws of the District of Columbia. Heller Ehrman D.C. is a parent
25  company of the Heller Ehrman Partnership. Defendants are referred to collectively herein as
26  "Heller Ehrman."

27      14.     Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their
28  true names and capacities are unknown to Plaintiffs. When their true names and capacities are

3

1   ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities
2   herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named
3   defendants is responsible in some manner for the occurrences herein alleged, and that the
4   damages of Plaintiffs and the putative class members herein alleged were proximately caused by
5   such Defendants.

6       15.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants
7   herein was, at all times relevant to this action, the agent, employee, representing partner, and/or
8   joint venturer of the remaining Defendants and was acting within the course and scope of the
9   relationship. Plaintiffs are further informed, believe, and thereon allege that each of the
10  Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining
11  Defendants.

12      16.    Plaintiffs are further informed, believe, and thereon allege that the Defendants
13  herein acted as a "single employer" at all relevant times for the purposes of the WARN Act. At
14  all relevant times, Defendants maintained and facilities across the country that qualified for
15  protection under the WARN Act (collectively the "Facilities").

16                              **JURISDICTION AND VENUE**

17      17.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case
18  is being brought under the WARN Act, 29 U.S.C. § 2101 et seq.

19      18.    This Court has original jurisdiction over Plaintiffs' state law claims under 29
20  U.S.C. § 1332(d) (the "Class Action Fairness Act"). Plaintiffs bring this case as a class action, at
21  least one Plaintiff is a citizen of a different state than at least one Defendant, and the amount in
22  controversy exceeds $5,000,000.

23      19.    This Court also has supplemental jurisdiction over the state law claims pursuant to
24  28 U.S.C. § 1367.

25      20.    Venue is proper in the United States District Court, Northern District of California
26  pursuant to 28 U.S.C. § 1391, because the Heller Ehrman Partnership and Heller Ehrman
27  California reside within this district, and because a substantial part of the events and omissions
28  giving rise to Plaintiffs' claims occurred in this District.

4

1    21.    JURISDICTIONAL STATEMENT REQUIRED BY L.R. 3-5. Under L.R. 3-2(c),

2    this civil action arose in the County of San Francisco and is therefore properly assigned to either

3    the Oakland or San Francisco division of this District.

4                    **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5    22.    On or about September 25, 2008, Heller Ehrman announced that it was dissolving

6    its partnership.  On that day it informed some employees that their final day would be November

7    28, 2008.

8    23.    On or about October 3, 2008, Heller Ehrman announced that it would not be

9    paying employees for accrued but unused vacation when they ended their employment with

10   Heller Ehrman.

11   24.    Upon information and belief, on October 10, 2008, Defendants terminated the

12   employment of over 100 Heller Ehrman employees nationwide.

13   25.    Upon information and belief, on October 17, 2008, Defendants terminated the

14   employment of hundreds of Heller Ehrman employees nationwide.

15   26.    Heller Ehrman maintains a vacation policy that applies to most of its United States

16   employees.   Through that vacation policy, employees accrue vacation as they work for Heller

17   Ehrman.

18   27.    Heller Ehrman also maintains a sabbatical program which provides additional

19   vacation to employees who have worked 10 years or more.

20   28.    Heller Ehrman's vacation policy provides: "Employees who terminate or change

21   their status to on-call will receive a vacation payout of all accrued vacation at their hourly rate on

22   their last day of employment with the Firm."

23   29.    Starting approximately October 3, 2008, Heller Ehrman ceased paying employees

24   for their unused vacation at the time of termination.  Upon information and belief, Heller Ehrman

25   has not paid unused vacation to employees whose employment ended on or after October 3, 2008.

26   30.    Plaintiff Werth had vacation time available to her when she was involuntarily

27   terminated on October 10, 2008.  Heller Ehrman has not paid her for this vacation.

28

5

1    31.    Plaintiff Goodman had approximately 150 hours of vacation available to him when
2    he was involuntarily terminated on October 10, 2008. Heller Ehrman has not paid him for this
3    vacation.

4    32.    Plaintiff Scarpa had over 100 hours of vacation available to her when she was
5    involuntarily terminated on October 17, 2008. Heller Ehrman has not paid her for this vacation.

6    **CLASS ACTION ALLEGATIONS UNDER 29 U.S.C. § 2104 (WARN ACT)**

7    33.    Plaintiffs and those they seek to represent herein were discharged without cause on
8    their part on or about October 10, 2008 or within 30 days of that date, as the reasonable
9    foreseeable consequence of the mass layoff or plant closing ordered by Defendants, and are
10   "affected employees" within the meaning on 29 U.S.C. §2101(a)(5).

11   34.    Plaintiffs bring this action on their own behalf, pursuant to the WARN Act, and on
12   behalf of all other similarly situated former employees of Defendants who were terminated on or
13   about October 10, 2008, or within 30 days of that date, and thereafter who worked at one of the
14   Facilities until their termination.

15   35.    During the 30 days starting October 10, 2008, Defendants terminated Plaintiffs'
16   employment as part of a mass layoff and/or a plant closing as defined by 29 U.S.C. § 2101 (a)(2),
17   (3) for which they were entitled to receive sixty (60) days advance written notice under the
18   WARN Act.

19   36.    Defendants, as a single employer, did not give Plaintiffs the statutorily required
20   sixty (60) days notice of the mass layoff or termination in violation of the WARN Act.

21   37.    Upon information and belief, at or about the time that Plaintiffs were discharged,
22   on or after October 10, 2008, Defendants discharged hundreds of other employees at the Facilities
23   (the "Other Similarly Situated Former Employees").

24   38.    Pursuant to 29 U.S.C. § 2104(a)(5), Plaintiffs maintain this claim on behalf of
25   themselves and each of the Other Similarly Situated Former Employees.

26   39.    Each of the Other Similarly Situated Former Employees is similarly situated to
27   Plaintiffs in respect to his or his rights under the WARN Act, in that, *inter alia*:

28

6

1      a. Plaintiffs and the Other Similarly Situated Former Employees were discharged
2          by Defendants without cause on their part.

3      b. Plaintiffs and the Other Similarly Situated Former Employees are "affected
4          employee(s)" within the meaning of the WARN Act 29 U.S.C. § 2101(a)(5).

5      c. Defendants were required by the WARN Act to give Plaintiffs and the Other
6          Similarly Situated Former Employees at least sixty (60) days advance written
7          notice of their respective terminations.

8      d. Prior to their termination, neither Plaintiffs nor the Other Similarly Situated
9          Former Employees received written notice that complied with the requirements
10         of the WARN Act.

11     e. Defendants failed to pay Plaintiffs and the Other Similarly Situated Former
12         Employees their respective wages, salary, commissions, bonuses, accrued
13         holiday, sabbatical, and vacation for sixty (60) calendar days following notice
14         of their terminations and failed to make the 401(k) contributions and provide
15         them with health insurance coverage and other employee benefits under
16         ERISA for sixty (60) calendar days from and after notice of their respective
17         terminations.

18                          **CALIFORNIA WARN ACT ALLEGATIONS**

19     40.    Plaintiff Werth and others similarly situated were employed at Defendants'
20  facilities in California until their employment was ended in violation of Cal. Labor § 1400, et
21  seq., within 30 days of October 10, 2008.

22     41.    Plaintiffs Werth and others similarly situated were employees of Defendants, and
23  Defendants were their employers, as those terms are defined in Cal. Labor § 1400.

24     42.    Defendants operated facilities in California that were "covered establishment(s),"
25  as that term is defined in Cal. Labor § 1400, because they employed 75 or more persons in certain
26  facilities in the 12 months preceding October 10, 2008.

27  //

28  //

                                            7

1      43.     Plaintiff Werth and others similarly situated were subjected to a "mass layoff,"

2 "relocation," or "termination," as those terms are defined in Cal. Labor § 1400, within 30 days of

3 October 10, 2008.

4      44.     Defendants failed to provide Plaintiff Werth and others similarly situated with the

5 proper notice required by Cal. Labor § 1401 prior to the mass layoff, relocation, or termination.

6      45.     Defendants failed to provide Plaintiff Werth and others similarly situated with 60

7 days wages and benefits as required by Cal. Labor § 1402.

8                      **WARN ACT CLASS ACTION ALLEGATIONS UNDER RULE 23**

9      46.     Plaintiffs sue under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil

10 Procedure on behalf of the following proposed WARN Classes:

11 **WARN Class:**              All employees who worked at or reported to one of Defendants'

12                                 Facilities and were terminated without cause in the 30 days starting

13                                 October 10, 2008, or were terminated without cause as the

14                                 reasonable foreseeable consequence of the mass layoff or plant

15                                 closing ordered by Defendants on or about October 10, 2008, and

16                                 who are affected employees, within the meaning of 29 U.S.C. §

17                                 2101(a)(5).

18 **CA WARN Class:**      All employees who worked at or reported to one of Defendants'

19                                 qualifying facilities in California and who were subject to a mass

20                                 layoff, relocation, or termination ordered by Defendants on or after

21                                 October 10, 2008.

22      47.     Numerosity:     The Proposed Classes are so numerous that joinder of all members

23 is impracticable. Plaintiffs are informed and believe, and on that basis allege, that hundreds of

24 people satisfy the definition of the Proposed Classes.

25      48.     Typicality:     The Plaintiffs' claims are typical of the members of the Proposed

26 Classes. Plaintiffs, and proposed class members, were involuntarily terminated by Defendants

27 without proper notice under the WARN Act.

28

8

1    49.    Superiority:    A class action is superior to other available methods for the fair and
2    efficient adjudication of the controversy, especially in the context of WARN Act litigation, which
3    necessarily involves a single decision or set of decisions that affects the rights of hundreds of
4    employees.

5    50.    Adequacy:    Plaintiffs will fairly and adequately protect the interests of the
6    Proposed Class, and have retained counsel experienced in representing employees in complex
7    class litigation.

8    51.    Commonality: Common questions of law and fact exist to all members of the
9    Proposed Class and predominate over any questions solely affecting individual members of the
10   Proposed Class, including but not limited to:

11                  a.   whether Defendants were covered employers under the WARN Act and/or the
12                       CA WARN Act;

13                  b.   whether all Class members were protected under the WARN Act and/or the
14                       CA WARN Act;

15                  c.   whether all Class members' employment locations were covered Facilities
16                       under the WARN Act and/or the CA WARN Act;

17                  d.   whether Defendants acted as a single employer in terminating Class Members'
18                       employment;

19                  e.   whether Defendants gave at least 60 days advance written notice to the Class
20                       members, as required by the WARN Act and/or the CA WARN Act; and

21                  f.   whether Defendants failed to pay the Class members wages and to provide
22                       other employee benefits for the sixty day period following their respective
23                       terminations.

24   52.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because
25   prosecution of actions by or against individual members of the class would result in inconsistent
26   or varying adjudications and create the risk of incompatible standards of conduct for Defendant.
27   Further, adjudication of each individual member's claim as a separate action would be dispositive

28
                                                    9

| | |
|---|---|
| 1 | of the interest of other individuals not party to this action, impeding their ability to protect their |
| 2 | interests. |

53.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Litigation of these claims in one forum is efficient, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of hundreds of employees. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

54.     Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23.    The names and address of the Proposed Class are available from Defendants.

## VACATION TIME CLASS ACTION ALLEGATIONS

55.     Plaintiffs sue under Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed Vacation Classes:

**California Vacation Class:** All former employees of Defendants in the State of California whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation at the time of termination.

**Washington Vacation Class:**     All former employees of Defendants in the State of Washington whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation at the time of termination.

**New York Vacation Class:** All former employees of Defendants in the State of New York whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation at the time of termination.

10

1    56.    Additionally and in the alternative, Plaintiffs sue under Cal. Bus. Prof. Code §
2    17200, et. seq., on behalf of the following group of similarly situated individuals:

3    **17200 Class:**    All employees nationwide whose employment with Defendants ended on
4                        or after October 3, 2008, through the trial of this case, and who had accrued
5                        but unused vacation at the time of termination.

6    57.    Numerosity:    The Proposed Classes are so numerous that joinder of all members
7    is impracticable. Plaintiffs are informed and believe, and on that basis allege, that hundreds of
8    people who satisfy the definition of the Proposed Classes.

9    58.    Typicality:    The Plaintiffs' claims are typical of the members of the Proposed
10   Classes. Plaintiffs are informed and believe that Heller Ehrman uniformly failed to pay accrued
11   vacation to individuals whose employment with Heller Ehrman ended on or after October 3,
12   2008.

13   59.    Superiority:    A class action is superior to other available methods for the fair and
14   efficient adjudication of the controversy here, where Defendants have failed to pay wages to
15   hundreds of employees, and Defendants' dissolution may shrink the assets available to pay
16   employees.

17   60.    Adequacy:    Plaintiffs will fairly and adequately protect the interests of the
18   Proposed Class, and have retained counsel experienced in representing employees in complex
19   class litigation.

20   61.    Commonality: Common questions of law and fact exist to all members of the
21   Proposed Class and predominate over any questions solely affecting individual members of the
22   Proposed Class, including but not limited to:

23          a. Whether Defendants maintained a policy of providing vacation to Class
24             Members;

25          b. Whether Defendants' vacation policy required that Defendants pay Class
26             Members for their unused vacation at the time of termination;

27          c. Whether Defendants uniformly and unlawfully failed to pay vacation time to
28             class members;

11

1                   d.   Whether Plaintiffs and Proposed Class Members who worked in California are

2                       entitled to waiting time penalties pursuant to California Labor Code § 203;

3                   e.   Whether Defendants' conduct violated the California Unfair Practices Act set

4                       forth in the Business and Professions Code § 17200 *et seq.* by violating state

5                       and federal law as set forth herein; and

6                   f.   The proper measure of damages sustained by the Proposed Class.

7         62.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

8    prosecution of actions by or against individual members of the class would result in inconsistent

9    or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

10   Further, adjudication of each individual member's claim as a separate action would be dispositive

11   of the interest of other individuals not party to this action, impeding their ability to protect their

12   interests.

13        63.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

14   questions of law and fact common to the Proposed Classes predominate over any questions

15   affecting only individual members of the Proposed Classes, and because a class action is superior

16   to other available methods for the fair and efficient adjudication of this litigation.  Upon

17   information and belief, Defendants' vacation policy applied to all Class Members and Defendants

18   uniformly failed to pay unused vacation time to all Class Members.  In addition, class

19   certification is superior because it will obviate the need for unduly duplicative litigation that

20   might result in inconsistent judgments about Defendant's practices.

21        64.    Plaintiffs intend to send notice to all members of the Proposed Class to the extent

22   required by Rule 23.  The names and address of the Proposed Class are available from

23   Defendants.

24   **FIRST CLAIM FOR RELIEF**

25   **(Violation of the WARN Act)**

26        65.    Plaintiffs allege and incorporate by reference the allegations in the preceding

27   paragraphs.

28

1    66.    At all relevant times, the Defendants employed more than 100 employees who in
2    the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the
3    United States.

4    67.    At all relevant times, each Defendants were "employers" as that term is defined in
5    29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until
6    determining to order a mass layoff and/or plant closing at the Facilities.

7    68.    The Defendants constituted a "single employer" of Plaintiffs and WARN Class
8    members under the WARN Act.

9    69.    On or about October 10, 2008 the Defendants ordered a "mass layoff" and/or plant
10   closing of the Facilities, as that term is defined in 29 U.S.C. § 2101(a)(2).

11   70.    The mass layoff and/or plant closing at the Facilities resulted in "employment
12   losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty (50) of Defendants'
13   employees as well as 33% of Defendants' workforce at each of the Facilities, excluding part-time
14   employees as that term is defined by 29 U.S.C. § 2101(a)(8).

15   71.    Plaintiffs and each of the other members of the WARN Class were discharged by
16   Defendants without cause on their part, as part of or as the reasonable foreseeable result of the
17   mass layoff and/or plant closing ordered by Defendants at the Facilities.

18   72.    Plaintiffs and the other members of the WARN Class are "affected employees" of
19   Defendants within the meaning of 29 U.S.C. §2101(a)(5).

20   73.    Defendants failed to give Plaintiffs and other members of the WARN Class written
21   notice that complied with the requirements of the WARN act.

22   74.    Plaintiffs and each of the other members of the WARN Class are "aggrieved
23   employees" of the Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

24   75.    Defendants failed to pay Plaintiffs and each of the other members of the WARN
25   Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued
26   vacation for 60 days following notice of their terminations and failed to make the pension and
27   401(k) contributions and provide employee benefits under ERISA, for 60 days following notice

28

13

1  of their respective terminations. Defendants are also liable to Plaintiffs for their reasonable
2  attorneys fees under 29 U.S.C. § 2104.

3  **SECOND CLAIM FOR RELIEF**

4  **Violation of the California WARN Act (Cal. Labor Code § 1400 et seq.)**

5  76.  Plaintiffs allege and incorporate by reference the allegations in the preceding
6  paragraphs.

7  77.  In the 12 months proceeding October 10, 2008, Defendants operated facilities in
8  California in which they employed 75 persons or more.

9  78.  Defendants' actions, as described above and as they occurred at Defendants'
10 qualifying facilities in California, constituted a "mass layoff," "relocation," or "termination,"
11 without proper notice, in violation of the California WARN Act, Cal Labor § 1400 et seq.

12 79.  Defendants are therefore liable to Plaintiff Werth and the California WARN Class
13 for back pay and benefits for 60 days, as outlined in Cal. Labor § 1402, as well as attorneys' fees
14 under Cal. Labor § 1404.

15 **THIRD CLAIM FOR RELIEF**

16 **(Failure To Pay Vacation Under Cal. Labor § 227.3)**

17 80.  Plaintiffs allege and incorporate by reference the allegations in the preceding
18 paragraphs.

19 81.  Cal. Labor § 227.3 requires that employers who provide employees with vacation
20 time must pay employees for all unused vacation at the time of termination of employment.

21 82.  Defendant violated Cal. Labor § 227.3 by failing to pay Plaintiff Werth and the
22 Proposed California Vacation Class the vacation time (including sabbatical time) due and owing
23 to them at the time of the termination of their employment.

24 83.  As a result of Defendants' violation of law, Plaintiff Werth and the Proposed
25 California Vacation Class have suffered damages, including loss of earnings for unpaid vacation
26 time in an amount to be established at trial, an award of attorneys' fees pursuant to Code of Civil
27 Procedure section 1021.5 and other applicable law, and costs.

28

14

1    **FOURTH CLAIM FOR RELIEF**

2    **(Waiting Time Penalties Under Cal. Labor § 203)**

3        84.    Plaintiffs allege and incorporate by reference the allegations in the preceding

4    paragraphs.

5        85.    California WARN Class and California Vacation Class Members have been

6    terminated, or have resigned, from their positions with Defendants.    Defendants, however,

7    willfully failed to pay such Class Members all wages owed them, including vacation time and

8    their final week's pay, within the time limits set forth in California Labor Code sections 201 and

9    202.

10       86.    Under Labor Code sections 201, 202, and 203, Class Members are entitled to

11   waiting time penalties for Defendants' willful failure to timely pay all wages owed upon

12   separation of their employment.

13   **FIFTH CLAIM FOR RELIEF**

14   **(Breach Of Contract As To The Washington Vacation Class)**

15       87.    Plaintiffs allege and incorporate by reference the allegations in the preceding

16   paragraphs.

17       88.    A contract, oral and written, express and implied, existed between Members of the

18   Washington Vacation Class (including Plaintiff Goodman) and Defendants.

19       89.    By that contract, Defendants were required to pay employees all accrued vacation

20   time, including sabbatical leave, at the termination of employment.

21       90.    Defendants violated that contract by failing to pay vacation time to Plaintiff

22   Goodman and Members of the Washington Vacation Class.

23       91.    As a result of Defendants' breach of contract, Plaintiff Goodman and Washington

24   Vacation Class Members suffered damages in the amount of their accrued but unpaid vacation

25   and sabbatical time, to be determined at trial.

26   //

27   //

28   //

15

## SIXTH CLAIM FOR RELIEF

### (Promissory Estoppel As To The Washington Vacation Class)

92. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

93. Defendants reasonably expected to induce Plaintiff Goodman and Washington Vacation Class Members, and did induce Plaintiff Goodman and Washington Vacation Class Members, to rely on promises relating to the payment of unused vacation and sabbatical time.

94. Plaintiff Goodman and Washington Vacation Class Members reasonably relied to their detriment on promises and representations made to him by Defendants relating to the payment of unused vacation.

95. Defendants have refused to honor the promises made to Plaintiff Goodman and Washington Vacation Class Members.

96. As a result, Plaintiff Goodman and Washington Vacation Class Members are entitled to an award in equity in the amount of their unused vacation and sabbatical time, to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### (Breach Of Contract As To The New York Vacation Class)

97. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

98. A contract, oral and written, express and implied, existed between Members of the New York Vacation Class (including Plaintiff Scarpa) and Defendants.

99. By that contract, Defendants were required to pay employees all accrued vacation time, including sabbatical leave, at the termination of employment.

100. Defendants violated that contract by failing to pay vacation time to Plaintiff Scarpa and Members of the New York Vacation Class.

101. As a result of Defendants' breach of contract, Plaintiff Scarpa and New York Vacation Class Members suffered damages in the amount of their accrued but unpaid vacation and sabbatical time, to be determined at trial.

# EIGHTH CLAIM FOR RELIEF

## (Promissory Estoppel As To The New York Vacation Class)

102. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

103. Defendants reasonably expected to induce Plaintiff Scarpa and New York Vacation Class Members, and did induce Plaintiff Scarpa and New York Vacation Class Members, to rely on promises relating to the payment of unused vacation and sabbatical time.

104. Plaintiff Scarpa and New York Vacation Class Members reasonably relied to their detriment on promises and representations made to her by Defendants relating to the payment of unused vacation.

105. Defendants have refused to honor the promises made to Plaintiff Scarpa and New York Vacation Class Members.

106. As a result, Plaintiff Scarpa and New York Vacation Class Members are entitled to an award in equity in the amount of their unused vacation and sabbatical time, to be determined at trial.

# NINTH CLAIM FOR RELIEF

## (Unfair Practice under the California Unfair Competition Act)

107. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

108. Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

109. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and 17200 Class Members are entitled to restitution of the vacation time and other unpaid wages and premiums alleged herein that Defendants have improperly withheld, a permanent injunction requiring Defendants to pay vacation time to all workers as defined herein, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

17

1

**PRAYER FOR RELIEF**

110. WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Proposed Classes, pray for relief as follows:

    A. That the Court determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23;

    B. That Defendants are found to have violated the provisions of the WARN Act as to Plaintiffs and the Class;

    C. That Defendants are found to have violated the provisions of the California WARN Act as to Plaintiffs and the Class;

    D. That Defendants are found to have violated Cal. Labor § 227.3 requiring payment of unused vacation upon termination;

    E. That Defendants are found to have breached a contract with Washington and New York Vacation Class Members by failing to pay unused vacation at the time of termination;

    F. For an award, of damages or in equity, in the amount of unpaid vacation owed to members of the California, Washington and New York Vacation Classes;

    G. That Defendants are found to have violated §§ 201, 202, and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiffs and the Class;

    H. An award to Plaintiffs and the Class for the amount of all unpaid wages and compensation owed, including interest thereon, and penalties subject to proof at trial;

    I. That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the 17200 Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200-05;

| 1 | J. | That Defendants further be enjoined to cease and desist from unlawful |
| 2 | | activities in violation of California Business and Professions Code § |
| 3 | | 17200; |
| 4 | K. | An award of reasonable attorneys' fees and costs pursuant to Code of Civil |
| 5 | | Procedure § 1021.5, Cal. Labor Code § 1404, 29 U.S.C. § 2104, and/or |
| 6 | | other applicable law; |
| 7 | L. | For leave to amend this complaint to add additional state law claims, |
| 8 | | including but not limited to claims in the District of Columbia, State of |
| 9 | | Oregon, State of Alaska, and the State of Wisconsin; and |
| 10 | M. | For such other and further relief, in law or equity, as this Court may deem |
| 11 | | appropriate and just. |

**DEMAND FOR JURY TRIAL**

111. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: October 20, 2008

NICHOLS KASTER, LLP

By: _____
Matthew C. Helland

NICHOLS KASTER, PLLP

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS

19